UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **YVETTE LOPEZ CARPINTERO,** *Plaintiff* | § § § § | |
| v. | § § | **CASE NO. 1:23-CV-01176-RP-SH** |
| **DEL VALLE 969 APARTMENTS, LTD,** *Defendant* | § § § | |

**ORDER**

Before the Court are Yvette Lopez Carpintero's Complaint (Dkt. 1), Motion for Appointment of Counsel (Dkt. 3), and Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 4), filed September 28, 2023. The District Court referred this case to this Magistrate Judge for disposition of the Application and for a report and recommendation as to whether it should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 5.

### I.   Application to Proceed *In Forma Pauperis*

After reviewing Lopez Carpintero's Financial Affidavit, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Lopez Carpintero *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Lopez Carpintero is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As detailed below, the Court orders Lopez Carpintero to file a More Definite Statement before the Court can complete its review under § 1915(e)(2). Therefore, service on Del Valle 969 Apartments, LTD should be withheld pending the Court's review of the More Definite Statement.

## II.    Frivolousness Review Under Section 1915(e)(2)

Because Lopez Carpintero has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States" and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332. It is to be presumed that a case lies

outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Lopez Carpintero does not address jurisdiction in her Complaint, but indicates on her Civil Cover Sheet that jurisdiction is based on "U.S. Government Plaintiff." Dkt. 1-1. Because Lopez Carpintero is the only plaintiff, her Complaint does not establish a basis for subject matter jurisdiction. She makes two allegations in her Complaint of "Discrimination" and "Retaliation and harassment," but does not provide a factual basis for her allegations or describe her claims' basis in any statute or source of law. Dkt. 1 at 1. Without any factual content in her Complaint, the Court is unable to evaluate the facial plausibility of her allegations. *Iqbal*, 556 U.S. at 678.

So the Court can determine whether she has alleged plausible claims, Lopez Carpintero is **ORDERED** to file a More Definite Statement that answers the following questions:

1. Under what statute or statutes are your claims based?
2. Who is Defendant Del Valle 969 Apartments and what is your relationship to Defendant?
3. What actions or omissions by Defendant Del Valle 969 Apartments constituted discrimination and when did they occur?
4. What actions or omissions by Defendant Del Valle 969 Apartments constituted retaliation and harassment and when did they occur?

### III.   Conclusion

The Court **GRANTS** the Application to Proceed *In Forma Pauperis* (Dkt. 4) and **ORDERS** Lopez Carpintero to file a More Definite Statement consistent with the instructions above by **November 3, 2023**. The Court warns Lopez Carpintero that failure to fully comply with this Order by the deadline may result in the Court's recommendation that this case be dismissed.

**SIGNED** on October 19, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE