# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| YVETTE LOPEZ CARPINTERO, § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> DEL VALLE 969 APARTMENTS, LTD, § <br> *Defendant* § | Case No. 1:23-CV-01176-RP-SH |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Yvette Lopez Carpintero's Complaint, filed September 28, 2023 (Dkt. 1); Motion for Appointment of Counsel, filed September 28, 2023 (Dkt. 3); Application for Permission to File Electronically, filed November 6, 2023 (Dkt. 12); and Motion for a Confidentiality and Protective Order, filed November 6, 2023 (Dkt. 13). The District Court referred this case to this Magistrate Judge, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 5.

### I.   General Background

Plaintiff Yvette Lopez Carpintero brings this suit against Defendant Del Valle 969 Apartments, Ltd., which operates her apartment building. Dkt. 1. Plaintiff, who is proceeding *pro se*, alleges claims of "discrimination" and "retaliation and harassment." *Id.* at 1. The Court ordered Plaintiff to file a More Definite Statement on October 19, 2023. Dkt. 7. Plaintiff filed a More Definite Statement and additional exhibits on October 31, 2023, and filed supplemental exhibits on November 3, 2023. Dkts. 9-11.

1

Plaintiff alleges that Defendant violated the Americans with Disabilities Act ("ADA"), Violence Against Women Act ("VAWA"), and Fair Housing Act ("FHA"). Dkt. 9. She alleges that Defendant used "intimidation tactics . . . such as proposed evictions, intent to vacate," and that she and her son have been physically assaulted on Defendant's property. *Id.*

## II.  Application for Permission to File Electronically

Plaintiff asks the Court to approve her request to become an electronic filing user in the United States District Court for the Western District of Texas. The Court hereby **GRANTS** Plaintiff's Application for Permission to File Electronically (Dkt. 12) and **ORDERS** that Plaintiff may file electronically on the Western District of Texas Official Court Electronic Document Filing System in this action. If she has not already done so, Plaintiff is directed to review the "General Information" section on the "CM/ECF" tab on the United States District Court for the Western District of Texas's website (www.txwd.uscourts.gov). Plaintiff shall submit a completed United States District Court for the Western District of Texas E-Filing and E-Noticing Registration Form via email to the email address provided on the form (txwd_ecf_help@txwd.uscourts.gov).

## III.  Section 1915(e)(2) Frivolousness Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her Complaint under § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*,

138 F.3d 211, 213 (5th Cir. 1998) (citations omitted). A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not state a claim on which relief may be granted. *Id.*

The Court finds that Plaintiff does not allege specific facts sufficient to survive frivolousness review. While she alleges that Defendant has violated the ADA, VAWA, and FHA, she does not state how any actions by Defendant violate the statutes. Dkt. 9.

To state a claim under the ADA, a plaintiff must, among other things, allege a "qualifying disability." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011). Because Plaintiff has not alleged a qualifying disability, she fails to state a claim on which relief may be granted and her ADA claim is frivolous under Section 1915(e).

Plaintiff's claim under VAWA is also frivolous because the Supreme Court "invalidated the federal civil remedy provision of the Violence Against Women Act" in 2000. *Groome Res. Ltd. v. Parish of Jefferson*, 234 F.3d 192, 203 n.16 (5th Cir. 2000); *see also United States v. Morrison*, 529 U.S. 598, 627 (2000).

Plaintiff does not state what provision of the FHA applies to her claim, but the Act generally prohibits discrimination in the provision of housing "because of race, color, religion, sex, familial status, or national origin" or "because of a handicap." 42 U.S.C. § 3604(a), (f)(1). Plaintiff does not allege that she has been discriminated against on any of these bases, but that Defendant used "intimidation tactics . . . such as proposed evictions, intent to vacate," and that she and her son

have been physically assaulted on Defendant's property. *Id.* She does not describe how the alleged proposed evictions or notices of intent to vacate were unlawful or how Defendant was responsible for the assaults. *Id.* Because she has not alleged discrimination on the basis of a protected category, her FHA claim is frivolous.

Because Plaintiff does not allege sufficient facts to state a plausible claim for relief under any ADA, VAWA, or FHA, the Court recommends that her claims be dismissed.

## IV.   Order and Recommendation

The Court **GRANTS** Plaintiff's Motion for Permission to File Electronically (Dkt. 12).

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Plaintiff's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2) and **DISMISS AS MOOT** Plaintiff's Motion for Appointment of Counsel (Dkt. 3) and Motion for Confidentiality and Protective Order (Dkt. 13).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*,

474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on November 30, 2023.

                                                                      SUSAN HIGHTOWER
                                                                      UNITED STATES MAGISTRATE JUDGE